RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _12 / 11 / 12_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHARLES NEUMAN

VERSUS

WARDEN

DOCKET NO. 12-CV-1611; SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Charles Neuman, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on June 8, 2012. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains of a wrongful disciplinary conviction, and he seeks the restoration of 27 days of good time.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Petitioner alleges that in June and July 2011, he received an advertisement card from one or more magazines to which he subscribes. The advertisement stated that someone who ordered sunglasses or watches could get a free $500 gift card. Petitioner asked Correctional Officer Hebert if he could order the sunglasses. The officer looked up the company on his computer and told Petitioner "no." As Petitioner was throwing away the coupon, the officer told Petitioner that he could send it to a family member to

order for him.  Petitioner told the officer that he could use it since Petitioner was throwing it away. [Doc. #4-1 p.2]

Petitioner was charged with a violation of Offense Code 216A - Attempting/Planning to Give or Offer any Staff Member a Bribe, or Anything of Value.  The officer stated that (1) Petitioner entered his office and told him that a magazine company had sent him a $500 gift card in a drawing; and (2) because Petitioner could not use the card and had no family to send it to, he offered the $500 gift card to the officer. [Doc. #7, p.4]

### Law and Analysis

The federal writ of habeas corpus is an extraordinary remedy that shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief, the petitioner must establish a constitutional violation.

Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  See Sandin v. Conner, 515 U.S. 472 (1995). Federal prisoners do have a liberty

2

interest in their accumulated good-time credit. <u>See</u> <u>Henson v. U.S.</u> <u>Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir. 2000).

Petitioner seeks restoration of good time credits.  The analysis approved by the Supreme Court in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) and <u>Superintendent, Massachusetts Correctional</u> <u>Institution v. Hill</u>, 472 U.S. 445 (1985), governs the challenge to the disciplinary conviction resulting in the loss of good time.

In <u>Wolff</u>, the Court held that, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Id.</u> at 555-556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: *(1) adequate notice of the alleged violation;(2) an opportunity to present evidence,(3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling.* <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454 (1985); <u>Wolff</u>, supra, at 556.

## 1.  Adequate notice

Petitioner does not complain of any lack of notice, and based

upon the evidence supplied by Petitioner, it appears that he was given adequate and timely notice of the alleged violation. [Doc. #7, p.6]

## 2.  Opportunity to Present Evidence

A hearing was conducted on June 29, 2011.  Petitioner had a staff representative.  He did not request any witnesses and indicated that he understood his rights before the DHO.  The staff representative indicated that she had never had any problems with Petitioner in the past. [Doc. #7, p.6]

## 3.  Written Findings

The DHO made written findings, and Petitioner was provided with a copy. [Doc. #7, p.8]

## 4.  Some Evidence

The relevant question "is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455 (emphasis added).  This "some evidence" rule allows the federal courts to defer to the judgment of prison officials in maintaining discipline in their institutions while meeting constitutional requirements. Id. at 456.  This limited review by federal courts does not require examination of the entire record, independent assessment of credibility of witnesses, or weighing of the evidence. Id. at 455.  Prison officials can permissibly rely on conduct violation reports to find inmates guilty of disciplinary

4

infractions.  Id. at 456; Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008).  A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to base a prison disciplinary decision, if the violation is found by an impartial decision-maker.  Hartsfield, 511 F.3d at 831; See also Rutledge v. Director, TDCJ-CID, 2010 WL 3632529 (E.D.Tex.,2010)(The hearing officer bases his decision on the preponderance of the credible evidence, and in this case, the decision of guilt was supported by "some evidence" in the form of the report and testimony of the charging officer, even though Rutledge and his witness testified to the contrary.)(citing Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001)).

In this case, Petitioner was afforded the only procedural safeguards to which he was entitled.  Thus, he received due process, and the Court must defer to the judgment of the prison disciplinary hearing officer.

### Conclusion

For the foregoing reasons **IT IS RECOMMENDED** that the Petition be **denied and dismissed with prejudice** for failing to state a claim for which relief can be granted.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation**

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10 day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE